UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAPIO FUNDING, LLC, § § *Plaintiff,* § § v. § § RURAL/METRO OPERATING § COMPANY, LLC and AMERICAN § MEDICAL RESPONSE, INC., § § *Defendants.* § | Civil Action No. 3:17-CV-2713-X |

**MEMORANDUM OPINION, ORDER, AND FINAL JUDGMENT**

Before the Court is a motion for judgment from plaintiff Capio Funding, LLC (Capio). (Doc. 196). For the below reasons, the Court **GRANTS** the motion, awards Capio $3,300,000 in damages from the defendants, and orders prejudgment and post-judgment interest.

**I. Factual Background**

This case involves a contract dispute between Capio, which manages non-performing healthcare accounts, and Rural/Metro, which provides medical transport services.

Capio and Rural/Metro entered into an Account Purchase and Sale Agreement (Agreement) in November 2014. Under the Agreement, Rural/Metro agreed to sell, and Capio agreed to buy, certain non-performing accounts.

1

The Agreement also contained an amendment in which Rural/Metro agreed to "deliver and offer to sell additional Accounts to [Capio] (such additional Accounts 'Forward Flow Accounts,' and each such sale, a 'Forward Flow Sale.')"[1]

Rural/Metro did not close on the sale of "additional" forward-flow accounts to Capio, which Capio claims violated the terms of the Amendment. In July 2015, Rural/Metro merged with American Medical Response, Inc. (AMR), which is also in the business of medical transportation. Capio alleges that Rural/Metro, after merging with AMR, did manage to produce forward-flow accounts on multiple occasions but failed to close, "despite Capio's willingness to consummate a purchase."[2]

After a three-day trial, the jury found that Rural/Metro breached the Amendment, AMR expressly and impliedly assumed Rural/Metro's obligations in the Amendment, and Capio is entitled to $3.3 million in actual damages.

## II. Analysis

Capio argues the Court should enter judgment on the jury's $3.3 million verdict. The defendants argue there should be no judgment against AMR and no prejudgment interest. The Court takes the defense arguments first.

### A. AMR

The defendants argue: (1) there was no jury finding of breach and breach damages for AMR; and (2) the successor liability questions are incorrect statements of law. Successor liability is the key argument here. And the defendants point out

---

[1] Doc. 131 at App. 209.

[2] Doc. 28 at 5.

that under Texas law, a successor corporation is not liable for obligations not expressly assumed.[3] Capio counters that there was an express assumption, albeit not in writing, and this is sufficient under Texas law.

The Court agrees with Capio that express assumption is not required to be in writing, and the jury heard evidence sufficient for it to conclude there was an oral assumption by conduct. As to whether a written assumption is required, the authorities the defendants cite do not specify that only a written assumption will do. And the Fifth Circuit has held that in an acquisition case like this, "[a]n oral contract can be binding,"[4] while quoting a Texas Supreme Court case saying "[t]he conception is that of a meeting of the minds of the parties as implied from and evidenced by their conduct and course of dealing, the essence of which is consent to be bound."[5]

As to whether the trial evidence supported the jury's finding that AMR expressly and impliedly assumed Rural/Metro's obligations under the Amendment,

---

[3] *See, e.g.*, TEX. BUS. ORGS. CODE § 10.254(b) ("Except as otherwise expressly provided by another statute, a person acquiring property described by this section may not be held responsible or liable for a liability or obligation of the transferring domestic entity that is not expressly assumed by the person."); *Sitaram v. Aetna U.S. Healthcare of N. Tex., Inc.*, 152 S.W.3d 817, 828 (Tex. App.—Texarkana 2004, no pet.) ("As used with respect to corporations, the term 'successor' has a specialized meaning beyond simple acquisition. Texas courts generally recognize the distinction among corporate affiliates, even when one clearly dominates the other. In order for there to be a successor in interest, [successor] was required to expressly assume the liabilities of [predecessor], or there must be another statute which expressly provides for such assumption of liability on these facts.").

[4] *Aperia Sols., Inc. v. eVance, Inc.*, No. 21-10683, 2022 WL 2116001, at *4 (5th Cir. June 13, 2022) (cleaned up). While the Court is loath to cite its reversals, the Court must learn from them. This is the way.

[5] *Id.* (citing *Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972)). As Capio points out, the Texas Supreme Court reiterated the notion that conduct can amount to assumption in *Finley Res., Inc. v. Headington Royalty, Inc.*, 672 S.W.3d 332, 342 (Tex. 2023) (stating that a "successor" includes "one who has stepped into the shoes of another and assumed the same role or function even without the existence of a formal or legal relationship with the predecessor").

3

the Court's recollection of the evidence is that it did.[6] Because the jury was entitled to find that AMR expressly and impliedly assumed the obligations under the Amendment, no separate questions for breach and damages as to AMR were needed.

### B. Prejudgment Interest

The defendants next argue that awarding prejudgment interest (before July 19, 2024) would be a double recovery because Capio's expert calculated a growth rate factor to compensate Capio for being denied use of the money from the date of the alleged breach until trial. The defendants also argue the prejudgment interest is inappropriate in hotly contested cases. Capio responds that the jury awarded less than half of the $8,644,909 it sought in damages (and that figure had no growth rate factored in).

The Court agrees with Capio. If the jury awarded Capio everything it sought ($8,644,909 plus a growth rate), the Court would not award prejudgment interest. But the jury awarded roughly 38% of Capio's requested damages amount that did not include a growth rate. The Court has no basis to conclude the jury baked a growth rate into its 38% award.[7] So this case does not present the exceptional circumstances for the Court to not order prejudgment interest.[8]

---

[6] At this phase, the full trial transcript is not available.

[7] The Court instructed the jury to not award interest on damages. Doc. 192 at 11 ("Do not add any amount of interest on damages, if any."). If the jury awarded more than $8,644,909, the Court would have a basis to rebut the presumption that juries follow instructions. But the Court has no such basis from this trial.

[8] *See Matter of Okedokun*, 968 F.3d 378, 392 (5th Cir. 2020) (stating that prejudgment interest "is available as a matter of course, absent exceptional circumstances").

Finally, the Court disagrees with the defendants that this case fits within the narrow exception for no prejudgment interest in hotly contested cases. The Fifth Circuit debunked that argument, noting that "such disputes are inherent in virtually every lawsuit."[9] That line of cases appears to be for when liability is undisputed, the measure of recovery (not just the amount of damages) is disputed, and the parties need the Court or jury to figure the measure of recovery out.[10] By contrast, if the measure of recovery is fixed by conditions at the time the injury arose (*i.e.* the defendant could have figured out the damages before the lawsuit), prejudgment interest is appropriate.[11] Here, the defendants could have figured out the damages before this lawsuit because the conditions were fixed when the breach occurred. Indeed, Capio and Rural/Metro endeavored to price the value of the forward flow accounts in the Amendment, and the jury was entitled to and did find that AMR assumed those obligations under that previously agreed to pricing structure. This case warrants prejudgment interest.

### C. Judgment

Capio argues it is entitled to a $3.3 million judgment as to Rural/Metro and AMR for the contract claims, as well as prejudgment interest, post-judgment interest, and attorney's fees. Math time!!!

On pre-judgment interest, accrual begins under Texas law on the earlier of (1) 180 days after the date the defendant receives written notice of the claim or (2) the

---

[9] *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 277 (5th Cir. 1980).
[10] *Id.* at 276.
[11] *Id.*

date suit is filed, and it ends on the day preceding the date judgment is rendered."[12] Capio's initial demand letter was April 19, 2017, making the 180th day following the demand October 16, 2017. This lawsuit was filed October 3, 2017. Accordingly, the earlier date of October 3, 2017 is when prejudgment interest began accruing.

As to the prejudgment interest rate, Texas law (which applies here for prejudgment interest) is the same as for post-judgment interest under Texas law.[13] The post-judgment interest rate Texas law sets is the prime rate published by the Board of Governors of the Federal Reserve System on the date of computation.[14] The current prime rate is 8.5% per year.[15] Accordingly, the prejudgment interest rate here is 8.5% per year. Prejudgment interest is simple, not compound.[16] As a result, the proper equation is $768.49 per day ($3,300,000 x 0.085 interest per year / 365 days in a year) times 2,541 days (from the accrual date of October 3, 2017 until yesterday). That yields prejudgment interest of $1,952,733.09.

Post judgment interest should accrue "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."[17]

---

[12] *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 531–32 (Tex. 1998).

[13] TEX. FIN. CODE § 304.103.

[14] *Id.* § 304.003(c)(1).

[15] Board of Governors of the Federal Reserve System, *Selected Interest Rates (Daily) - H.15* (Sept. 17, 2024), https://www.federalreserve.gov/releases/h15 [https://perma.cc/G28W-7XWG] (establishing the bank prime loan rate at 8.5% on the most recent date, September 16, 2024).

[16] TEX. FIN. CODE § 304.104.

[17] 28 U.S.C. § 1961(a).

The 1-year treasury constant maturity yield last Wednesday was 4.12%.[18]  That accrual is $372.49 per day ($3,300,000 x 0.0412 interest per year / 365 days per year) but compounded annually.[19]

Capio states it will seek fees and costs.  The Court orders Capio to file a bill of costs and a motion for fees with supporting evidence within 14 days of the entry of this order.  The Court notes that the best evidence of attorney's fees is itemized, contemporaneous time records.  If the defendants appeal, the Court will take the fee motion under advisement until the case is resolved on appeal.  (If the Fifth Circuit reverses, any award of fees would be negated).

Accordingly, the Court **GRANTS** the motion and enters this final judgment.

It is **ORDERED, ADJUDGED, and DECREED** that:

1. Based on the jury's verdict, plaintiff Capio Funding, LLC is entitled to $3,300,000 in monetary damages from defendants Rural/Metro Operating Company, LLC and American Medical Response, Inc., for which amount defendants are jointly and severally liable.

2. Plaintiff Capio Funding, LLC is entitled to prejudgment interest, jointly and severally from the defendants, in the amount of $1,952,733.09.

---

[18] Board of Governors of the Federal Reserve System, *Selected Interest Rates (Daily) - H.15* (Sept. 17, 2024), https://www.federalreserve.gov/releases/h15 [https://perma.cc/G28W-7XWG] (establishing the 1-year Treasury constant maturity rate as 4.12% for September 11, 2024).

[19] *Id*. § 1961(b) ("Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually.").

3. Plaintiff Capio Funding, LLC is entitled to post-judgment interest, jointly and severally from the defendants, at the rate of $372.49 per day, to be compounded annually.

3. If plaintiff Capio Funding, LLC seeks costs and attorney's fees, the Court **ORDERS** it to file a bill of costs and motion for attorney's fees within 14 days of this judgment.

All relief not expressly granted is denied.  This is a final judgment.

**IT IS SO ORDERED** this 18th day of September, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE